**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARK WARD**<br>8 Hapgood Hill<br>Huntington, West Virginia 25705<br><br>Plaintiff,<br><br>**v.**<br><br>**SCIOTO COUNTY, OHIO through the SCIOTO COUNTY BOARD OF COMMISSIONERS**<br>602 7th Street, Room 310<br>Portsmouth, Ohio 45662<br><br>**Scottie Powell**<br>602 7th Street, Room 310<br>Portsmouth, Ohio 45662<br><br>**Bryan Davis**<br>602 7th Street, Room 310<br>Portsmouth, Ohio 45662<br><br>**Cathy Coleman**<br>602 7th Street, Room 310<br>Portsmouth, Ohio 45662<br><br>**and**<br><br>**ROBERT HORTON**<br>204 Newman Lane<br>Peebles, Ohio 45660<br><br>Defendants. | : | **Case No.**<br><br>**Judge**<br><br>**COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1. This is an action pursuant to 42 U.S.C. §1983 for violation of Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution. Plaintiff also asserts a claim for defamation.

## JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 as there is a federal question. There is also diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district as the named Defendants reside or work in the Southern District of Ohio and/or all events at issue occurred in Scioto County.

## PARTIES

4. Plaintiff is a former employee of The Scioto County Economic Development Department (SCED), a department of Scioto County, Ohio.

5. The Defendant Scioto County Board of Commissioners is the policy making entity for Scioto County. Scioto County is a political subdivision of the state of Ohio and is amendable to suit through the Board of Commissioners pursuant to O.R.C. § 305.12. Defendants Powell, Davis and Coleman were members of the Board of Commissioners during the time relevant to this case. Defendants Powell, Davis and Coleman are state actors under 42 U.S.C. § 1983 and are being sued in their personal and official capacities for purposes of 42 U.S.C. § 1983.

6. During the time relevant to this case, Defendant Horton was the Director of SCED. Horton is a state actor under 42 U.S.C. § 1983. He is being sued in his personal and official capacities for purposes of 42 U.S.C. § 1983.

## **FACTS**

7. In March of 2018, SCED hired Plaintiff as its Assistant Director. Plaintiff was also appointed by the Board of Commissioners to serve as Treasurer for the Southern Ohio Port Authority (SOPA).

8. Plaintiff reported to Defendant Horton.

9. In September of 2021, Plaintiff received an email from Taylor Stepp, a Project Manager at Ohio Southeast Economic Development in Columbus, Ohio. Stepp thanked Plaintiff for a letter of support Plaintiff had purportedly signed regarding a request for funds from the state of Ohio for the "Glockner Project" involving a local business. Plaintiff had not previously seen the letter, accepted it as his own, or signed it.

10. Plaintiff investigated the matter. He was advised by Marcie Barlow, a Project Manager at SCED, that Defendant Horton had signed Plaintiff's name. Horton did so without Plaintiff's knowledge or consent.

11. On about September 29, 2021, Plaintiff notified Margaret Apel-Miller, an Assistant Scioto County Prosecutor, that Defendant Horton had forged his signature on a document. Plaintiff also raised concerns with Ms. Apel-Miller about other questionable conduct by Defendant Horton involving public funds including asking Plaintiff to set up shell corporations, seeking ways for Horton to

receive commissions for deals, and Horton signing a document through which he falsely represented himself as a representative of a local company.

12. Plaintiff was later advised by Ms. Apel-Miller that Shane Tieman, the Scioto County Prosecutor, wanted to meet with Plaintiff to address the matters raised by Plaintiff.

13. Prosecutor Tieman and Plaintiff discussed meeting off-site to review the forgery and other conduct by Horton. The meeting was delayed due to personal and professional commitments of Prosecutor Tieman.

14. On November 15, 2021, Marcie Barlow emailed a revised letter of support for the Glockner Project to Taylor Stepp. The letter was dated September 27, 2021 and bore Defendant Horton's signature instead of Plaintiff's. Upon information and belief, on or before November 15, 2021, Defendant Horton learned that Plaintiff had reported Horton's forgery and other conduct to the Prosecuting Attorney.

15. On November 16, 2021 at about 3:40 PM, Defendant Horton contacted the City of Portsmouth Police Department. Horton falsely alleged that Plaintiff made threatening statements at the workplace on November 12, 2021 while "brandishing" a loaded weapon. Plaintiff was not at work on November 12, 2021. He was out of town between November 10, 2021 and November 16, 2021.

16. The police report reflects that Horton also falsely alleged that Plaintiff had been in a disciplinary process and that Plaintiff was a "former" employee as of the afternoon of November 16, 2021.

17. On November 16, 2021, Horton also told several people at a local coffee shop that Plaintiff was terminated and indicated that Plaintiff had engaged in misconduct.

18. On the evening of November 16, 2021, Plaintiff received a text message Scioto County Commissioner Bryan Davis placing Plaintiff on administrative leave.

19. On the morning of November 18, 2021, the Scioto County Board of Commissioners voted to remove Plaintiff from the SOPA board pursuant to O.R.C. § 4582.27. They passed a resolution which provided "The board determines that Mark Ward has acted in a manner of malfeasance in office." Commissioner Powell read the resolution to those present. Commissioners Powell and Coleman voted in favor the resolution.

20. Prior to the November 18, 2021 Commission meeting and announcement, Plaintiff had not been provided notice of the specific nature of the charges that led to his administrative leave or his removal from the SOPA Board. Nor had Plaintiff been given the opportunity to address or respond to the allegations against him.

21. The Commissioners' announcement was covered by the local news media and was published via the internet and radio broadcasts.

22. On November 19, 2021, Defendant Horton sought a civil protection order against Plaintiff from the Scioto County Common Pleas Court. In his petition, Horton made several additional false allegations about Plaintiff.

23. In addition, as justification for the protection order, Defendant Horton stated that Plaintiff had threatened Horton's job by reporting him to the Prosecuting Attorney for forging Plaintiff's signature. Horton thus acknowledged that he was aware of Plaintiff's complaint to the Prosecuting Attorney and that it was a motivating factor for Horton's conduct.

24. Plaintiff found the situation intolerable and was constructively discharged on November 21, 2021.

**COUNT I**
**(First Amendment Retaliation)**

25. Plaintiff incorporates paragraphs 1-24 as if fully restated.

26. Defendant Horton has retaliated against Plaintiff in violation of the First Amendment to the United States Constitution. Plaintiff engaged in protected speech when he reported Horton's conduct to the Scioto County Prosecutor. Horton thereafter retaliated against Plaintiff by falsely accusing him of threatening Horton with a gun; making false statements on November 16, 2021 about Plaintiff being terminated and engaging in misconduct; and providing false information about Plaintiff to obtain a protection order, all of which resulted in Plaintiff's constructive termination of employment.

27. Scioto County is independently liable for the acts complained of above which were taken or directed by agents, employees and officials who had policy-making authority and whose acts represented the official policy of the County.

**<u>COUNT II</u>**
**(Violation of 14th Amendment Due Process)**

28. Plaintiff incorporates paragraphs 1-27 as if fully restated.

29. Plaintiff had a property interest in his employment with SCED and position as Treasurer of SOPA. Defendants deprived Plaintiff of his property interest without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**<u>COUNT III</u>**
**(Defamation)**

30. Plaintiff incorporates paragraphs 1-29 as if fully restated.

31. Defendant Horton has published false and defamatory statements about Plaintiff to third parties which have damaged Plaintiff's reputation. Because the statements impugned Plaintiff in his occupation and profession, they are defamatory per se. The Defendant Commissioners are responsible for Horton's tortious conduct under the doctrine of respondeat superior.

32. In addition, the Defendant Commissioners are liable for their own false and defamatory public statement on November 18, 2022 that Plaintiff engaged in "malfeasance in office."

33. As a result of the aforesaid conduct by the Defendants, Plaintiff has lost income and benefits and has suffered damage to his reputation.

34. Wherefore, Plaintiff requests the following:

a. reinstatement or front pay in lieu thereof;

b. damages for all lost income and benefits;

c. compensatory damages;

d. punitive damages;

e. reasonable attorney's fees and costs;

f. pre-judgment interest; and

g. all other legal and equitable relief to which he is entitled.

35. Plaintiff demands a trial by jury on all issues triable by jury.

Respectfully submitted,

s/ David Torchia
David Torchia (0015962)
Tobias, Torchia & Simon
302 Mercantile Center
120 E. Fourth Street
Cincinnati, OH 45202
(513) 241-8137
davet@tktlaw.com
Trial Attorney for Plaintiff